UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LAWRENCE DUKES,**
an individual,

        **Plaintiff,**

vs.                                           No: 3:10-cv-949-J-20JRK

**CITY OF JACKSONVILLE;**
**CITY OF ATLANTIC BEACH;**
**and OFFICER A.L. MOORE;**

        **Defendants.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAWRENCE DUKES, sues Defendant, CITY OF JACKSONVILLE (hereinafter referred to "COJ"); Defendant, CITY OF ATLANTIC BEACH; and Defendant, OFFICER A.L. MOORE; and alleges the following:

## PARTIES AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of costs.

2. At all times material hereto, Plaintiff, LAWRENCE DUKES, resided in Atlantic Beach, Duval County, Florida.

3. At all times material hereto, Defendants, COJ and CITY OF ATLANTIC BEACH, were municipalities or municipal agencies, and, therefore, are "persons" within the meaning of 42 U.S.C.A. §1983, Civil Rights Act of 1871. Monell v. Dept. of Social Services of New York, 436 U.S. 658, 701 (1978).

4. At all times material hereto, Defendant, OFFICER A.L. MOORE, was an

1

employee of Defendant, CITY OF ATLANTIC BEACH, and was acting under the direction of Defendant, COJ, in the execution of a DUI checkpoint in the 1000 block of Atlantic Boulevard in Atlantic Beach, Duval County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  At all times material hereto, Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, were acting under color of state law by exercising powers that each possessed only by virtue of state law and made possible only because Defendants were clothed with the authority of state law.

6.  At all times material hereto, Plaintiff, LAWRENCE DUKES, was a person subject to the privileges and protections of the Fourth and Fourteenth Amendments to the United States Constitution.

7.  On the evening of April 29, 2009, Plaintiff, LAWRENCE DUKES, was driving home on Atlantic Beach Boulevard in the City of Atlantic Beach, in Duval County, Florida.

8.  At that time and place, Plaintiff, LAWRENCE DUKES, was forced to pull over at a DUI checkpoint being conducted by Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE.

9.  Despite the fact that Defendants knew they would be conducting a sobriety checkpoint, pursuant to departmental policies and procedures, Defendants failed to equip officers participating in the checkpoint with an Intoxilyzer or any form of breath-testing equipment.

10. Defendant, OFFICER A.L. MOORE, commanded Plaintiff to exit his vehicle and

Defendant, OFFICER A.L. MOORE, required Plaintiff to perform field sobriety exercises.

11. Despite Plaintiff's performance on the field sobriety exercises, Defendant, OFFICER A.L. MOORE, arrested Plaintiff, impounded his vehicle and hauled him down to the Duval County Jail to take a breath-alcohol test.

12. There was no probable cause for the arrest and detention of Plaintiff.

13. Defendant, OFFICER A.L. MOORE, fabricated facts, either in whole or in part, as a pretext to effectuate an unlawful arrest.

14. Following his arrest, Plaintiff, LAWRENCE DUKES, was issued a breath-alcohol test which proved that he had a breath-alcohol content of 0.00.

15. Despite these findings and a statutory presumption that Plaintiff was not impaired under Florida law, Defendant, OFFICER A.L. MOORE, booked Plaintiff overnight and remanded him into custody pursuant to a policy of Defendants, COJ and CITY OF ATLANTIC BEACH.

16. Plaintiff has knowledge of at least two other individuals arrested at the same DUI checkpoint who had blood-alcohol levels under the legal limit. Plaintiff can show that at least three of the four individuals arrested for DUI at the checkpoint each blew below the legal limit of 0.08.

17. Defendant, CITY OF ATLANTIC BEACH, was negligent in training and instructing Defendant, OFFICER A.L. MOORE, to act as he did. Defendant, COJ, was negligent in instructing Defendant, OFFICER A.L. MOORE, to act as he did. The acts of Defendant, OFFICER A.L. MOORE, constitute an abuse of

18. power reposed in them by virtue of their office and fall well within the scope of their employment with Defendants, COJ and CITY OF ATLANTIC BEACH. McGhee v. Volusia County, 679 So.2d 729 (Fla. 1996).

18. Plaintiff was arrested, handcuffed, fingerprinted, booked and jailed. Plaintiff was placed in fear for his safety, was publicly humiliated and now has an arrest record for DUI, which will be harmful to him in future pursuit of employment, all attributable to his mere driving of a motor vehicle on Atlantic Beach Boulevard at a time when Defendants, OFFICER A.L. MOORE, COJ and CITY OF ATLANTIC BEACH, were conducting a sobriety checkpoint.

19. Plaintiff's arrest was blatantly and outrageously improper and showed such a reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights. The policies and procedures of Defendants, COJ and CITY OF ATLANTIC BEACH, demonstrated a deliberate indifference to Plaintiff's constitutional rights and caused a violation of those rights.

20. As a result of the above-described incident, Plaintiff, LAWRENCE DUKES, suffered mental pain and suffering, costs of litigation, and damage to his reputation. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

## COUNT I
(FALSE ARREST)

21. Plaintiff realleges paragraphs 5 through 20 and in addition charges:

22. Plaintiff was unlawfully detained and arrested, without a warrant and without

probable cause, by Defendant, OFFICER A.L. MOORE.

23. Defendants, COJ and CITY OF ATLANTIC BEACH, organized the DUI checkpoint and were in charge of the officers' conduct and the policies and procedures in place at the time of Plaintiff's arrest.

24. Plaintiff has substantially complied with the provisions of section 768.28, Florida Statutes, by serving notice of this claim on Defendant, CITY OF ATLANTIC BEACH, by certified mail on July 20, 2009, and on Defendant, COJ, by certified mail on July 22, 2009.

WHEREFORE, Plaintiff, LAWRENCE DUKES, seeks from Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, compensatory damages, punitive damages, attorney fees, costs and other relief deemed appropriate by the Court.

## COUNT II
(FALSE IMPRISONMENT)

25. Plaintiff realleges paragraphs 5 through 20 and in addition charges:

26. Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, intentionally and unlawfully caused Plaintiff to be completely confined against his will, and at all times, Plaintiff was aware of the confinement and was harmed by it.

27. Plaintiff has substantially complied with the provisions of section 768.28, Florida Statutes, by serving notice of this claim on Defendant, CITY OF ATLANTIC BEACH, by certified mail on July 20, 2009, and on Defendant, COJ, by certified mail on July 22, 2009.

WHEREFORE, Plaintiff, LAWRENCE DUKES, seeks from Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, compensatory damages, punitive damages, attorney fees, costs and other relief deemed appropriate by the Court.

### COUNT III
### (BATTERY)

28. Plaintiff realleges paragraphs 5 through 20 and in addition charges:

29. Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, committed a battery, namely intentional, harmful and offensive contact in connection with an unlawful arrest as previously alleged.

30. The contact caused an injury to Plaintiff.

31. Plaintiff has substantially complied with the provisions of section 768.28, Florida Statutes, by serving notice of this claim on Defendant, CITY OF ATLANTIC BEACH, by certified mail on July 20, 2009, and on Defendant, COJ, by certified mail on July 22, 2009.

WHEREFORE, Plaintiff, LAWRENCE DUKES, seeks from Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, compensatory damages, punitive damages, attorney fees, costs and other relief deemed appropriate by the Court.

### COUNT IV
### (42 U.S.C. 1983)

32. Plaintiff realleges paragraphs 5 through 20 and in addition charges:

33. Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, acted at all times under color state law.

34. Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE,

6

under color of custom, usage and laws of the State of Florida, deprived Plaintiff of the rights, privileges and immunities secured by the United States Constitution.

35. Plaintiff has been damaged as a result of the deprivation of his rights.

WHEREFORE, Plaintiff, LAWRENCE DUKES, seeks from Defendants, COJ, CITY OF ATLANTIC BEACH, and OFFICER A.L. MOORE, compensatory damages, punitive damages, attorney fees, costs and other relief deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable.

                                                  **THE LAW OFFICE OF NOONEY & ROBERTS, P.A.**

                                                  /s/ C. Crawford Pierce, IV
                                                  **C. Crawford Pierce, IV, Esq.**
                                                  Florida Bar No.: 70277
                                                 1680 Emerson Street
                                                 Jacksonville, Florida 32207
                                                 (904) 398-1992 *Phone*
                                                 (904) 858-9943 *Facsimile*
                                                 Attorney for Plaintiff
                                                 cpierce@scottnooney.com